**QING HAI LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–0953–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Edmond E. Chang, Steven J. Dollear, Craig Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Qing Hai Lin, a native and citizen of the People's Republic of China, seeks review of a February 22, 2006 order of the BIA affirming the July 1, 2005 decision of immigration judge ("IJ") Robert D. Weisel denying Lin's motion to rescind his *in absentia* deportation order. *In re Qing Hai Lin*, No. A73 652 754 (B.I.A. Feb. 22, 2006), *aff'g* No. A73 652 754 (Immig. Ct. N.Y. City July 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in absentia,* are reviewed for an abuse of discretion. *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000).

Lin was placed in deportation proceedings in March 1996, under former section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252 (1996). Pursuant to 8 U.S.C. § 1252b(a)(2)(1996), the statute governing notice of hearing for Lin's deportation proceedings, "written notice ... shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)." The IJ determined that because a Notice of Hearing had been sent by certified mail to Lin's address, and because the receipt card was signed confirming delivery, Lin had received proper notice of his hearing. The IJ also found that because Lin's counsel conceded that he did not serve a Notice of Appearance on the Immigration Court until June 2005, it was not required to notify him of Lin's April 2005 hearing.

Lin challenges only the IJ's finding regarding service on his counsel. The Immigration Court served Lin with a Notice of Hearing on February 1, 2005. Lin concedes that attorney Theodore N. Cox was not his attorney of record at the time of the Notice of Hearing, but argues that the agency should have been on notice of attorney Cox's representative capacity because Cox represented him before the Second Circuit. We reject Lin's argument. 8 C.F.R. § 1292.4 mandates that a Notice of

Appearance be filed by the representative or attorney appearing in each case. Cox's appearance on Lin's behalf before the Second Circuit does not entitle him to circumvent the agency's regulations. The agency thus did not abuse its discretion or violate Lin's due process rights, in denying his motion to rescind the *in absentia* deportation order.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).